United States District Court
Southern District of Texas
**ENTERED**
February 09, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

AMBER WATKINS,                    §
                                  §
            Plaintiff,            §
                                  §
v.                                §
                                  §    CIVIL ACTION NO. H-20-3120
PRAETORIAN INSURANCE CO.,         §
SEDGWICK CLAIMS MANAGEMENT        §
SERVICES, INC., and               §
CAMILLE BROWN,                    §
                                  §
            Defendants.           §

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff Amber Watkins ("Plaintiff") filed suit against
defendant Camille Brown in the 157th District Court of
Harris County, Texas, on July 24, 2020, alleging that Brown had
aided and abetted Praetorian Insurance Co. ("Praetorian") in
breaching its duty of good faith and fair dealing in handling her
claim for benefits.[1] On August 7, 2020, Plaintiff filed her First
Amended Original Petition ("Amended Petition") adding Praetorian
and Sedgwick Claims Management Services, Inc. ("Sedgwick")
(collectively, "Defendants") as defendants.[2]  Defendants timely

---

[1]Notice of Removal, Docket Entry No. 1, p. 1 ¶ 1; Plaintiff's
Original Petition & Jury Demand ("Original Petition"), Exhibit C to
Notice of Removal, Docket Entry No. 1-3, pp. 1, 5.  All page
numbers for docket entries in the record refer to the pagination
inserted at the top of the page by the court's electronic filing
system, CM/ECF.

[2]Notice of Removal, Docket Entry No. 1, pp. 1-2, ¶ 2; Amended
Petition, Exhibit C to Notice of Removal, Docket Entry No. 1-3,
p. 9.

removed based on diversity jurisdiction, arguing that Brown was improperly joined.[3] Pending before the court is Plaintiff's Motion to Remand (Docket Entry No. 4). Defendants Brown and Sedgwick have also filed a Motion to Dismiss Under Federal Rule of Procedure 12(b)(6) ("Brown and Sedgwick's Motion to Dismiss") (Docket Entry No. 2). The court must rule on Plaintiff's Motion to Remand before considering Brown and Sedgwick's Motion to Dismiss because a district court should not rule on the merits of a case without first determining that it has subject-matter jurisdiction. Sinochem International Co. Ltd. v. Malaysia International Shipping Corp., 127 S. Ct. 1184, 1191 (2007).

For the reasons stated below, the Motion to Remand will be granted. The case will be remanded to the 157th District Court of Harris County, Texas.

## I.   Facts and Procedural Background

Plaintiff states that she met Rucie Moore in 2005 and that the two of them lived together for years in Alabama, where they held themselves out as a married couple.[4] Rucie Moore died on April 16, 2019.[5] Plaintiff states and Defendants do not dispute that Moore

---

[3]Notice of Removal, Docket Entry No. 1, p. 3 ¶ B.

[4]Declaration of Amber Watkins, Exhibit 2 to Reply in Support of Plaintiff's Motion to Remand ("Plaintiff's Reply"), Docket Entry No. 13-1, p. 1 ¶ 2.

[5]Certificate of Death, Exhibit A to Motion to Dismiss for Lack of Standing Under Federal Rules of Civil Procedure 12(b)(1), (6) ("Sedgwick and Praetorian's Motion to Dismiss"), Docket Entry No. 9-1, p. 10 ¶ 3.

was a test pilot for XP Services, Inc. and that his death was caused by a helicopter crash in the course and scope of his employment.[6] At the time of his death Moore resided and worked in Arizona.[7] Praetorian is the worker's compensation insurance carrier for XP Services, Inc.[8]

On or about May 22, 2019, the Industrial Commission of Arizona ("ICA") notified Praetorian that Plaintiff had filed a Claim for Dependent's Benefits in connection with Moore's death.[9] Praetorian assigned Sedgwick as the third-party administrator of the claim, and Sedgwick and Praetorian together assigned Brown as the claims adjuster.[10]

On May 15, 2019, Plaintiff told Brown in an interview that she and Moore "were never officially married," but that she and Moore had been together for 14 years, lived together, and "both wear a

---

[6]Amended Petition, Exhibit C to Notice of Removal, Docket Entry No. 1-3, p. 11 ¶ 5.2; see also Affidavit of Christopher S. Norton, Exhibit A to Sedgwick and Praetorian's Motion to Dismiss, Docket Entry No. 9-1, p. 1 ¶ 4 ("XP Services was Moore's employer at the time of his death[.]").

[7]Brown and Sedgwick's Motion to Dismiss, Docket Entry No. 2, p. 1.

[8]Amended Petition, Exhibit C to Notice of Removal, Docket Entry No. 1-3, p. 14 ¶ 6.3.

[9]Notification of Claim for Dependent's Benefits - Fatality, Exhibit A to Sedgwick and Praetorian's Motion to Dismiss, Docket Entry No. 9-1, p. 4.

[10]Original Petition, Exhibit C to Notice of Removal, Docket Entry No. 1-3, p. 3 ¶ 5.2.

-3-

ring."[11]  On May 23, 2019, Brown asserted in an email to Plaintiff that Alabama no longer recognized common-law marriage.[12]  On or about June 18, 2019, Brown submitted, for and with the approval of Praetorian, a denial of Plaintiff's status as a valid beneficiary on the grounds that she and Moore "were never married."[13]

On August 1, 2019, Moore's employer sent an email to Praetorian on Plaintiff's behalf stating that Moore and Plaintiff's relationship met all the requirements of common-law marriage in Alabama.[14]  Brown replied to the email on August 15, 2019, rejecting the employer's request for reconsideration.[15]  On October 28, 2019, an Arizona state court granted Plaintiff's motion to amend Moore's death certificate and found that Moore and Plaintiff "were Common-Law Husband and Wife in the State of Alabama, beginning in 2006."[16]  Brown did not withdraw or change her denial of Plaintiff's claim.

On July 24, 2020, Plaintiff filed suit against Brown in Texas state court alleging that Brown had aided and abetted Praetorian in

---

[11]Exhibit A to Sedgwick and Praetorian's Motion to Dismiss, Docket Entry No. 9-1, p. 34 ¶¶ 59-66.

[12]Email from Camille Brown, Exhibit 2A to Plaintiff's Reply, Docket Entry No. 13-1, p. 5.

[13]Notice of Claim Status, Exhibit A to Sedgwick and Praetorian's Motion to Dismiss, Docket Entry No. 9-1, p. 19 ¶ 11.

[14]Email from Kerin Dodd, Exhibit 2b to Plaintiff's Reply, Docket Entry No. 13-1, p. 7.

[15]Email from Camille Brown, Exhibit 2d to Plaintiff's Reply, Docket Entry No. 13-1, p. 10.

[16]Hearing on Motion to Amend Death Certificate, Exhibit C to Notice of Removal, Docket Entry No. 1-3, p. 24.

-4-

breaching its duty of good faith and fair dealing in handling her claim for benefits.[17]   On August 7, 2020, Plaintiff filed the Amended Petition adding Praetorian and Sedgwick as defendants.[18]

Plaintiff alleges that Defendants failed to conduct a reasonable investigation of her claim, failed "to timely recognize and acknowledge the nature and extent of Mr. Moore's compensable injury," failed to accept "the undisputed evidence regarding Ms. Watkins' claim," created "pretextual reasons to deny and/or delay payment of Ms. Watkins' claim," and refused to consider information favorable to Plaintiff's claim.[19]   Plaintiff notes that Defendants "continued to refuse payments even after Mr. Moore's and Ms. Watkins' marriage was fully confirmed by Judge David Mackey of the Superior Court of the State of Arizona[.]"[20]

Plaintiff alleges that Praetorian specifically breached its duty of good faith and fair dealing under Arizona law by "relying on Defendant Brown's unreasonable investigation and improper delays of payments for benefits, without any reasonable basis to do so."[21]

---

[17]Notice of Removal, Docket Entry No. 1, p. 1 ¶ 1; Original Petition, Exhibit C to Notice of Removal, Docket Entry No. 1-3, pp. 1, 5.

[18]Notice of Removal, Docket Entry No. 1, pp. 1-2, ¶ 2; Amended Petition, Exhibit C to Notice of Removal, Docket Entry No. 1-3, p. 9.

[19]Amended Petition, Exhibit C to Notice of Removal, Docket Entry No. 1-3, pp. 12-13 ¶ 5.6.

[20]Id. at 12 ¶ 5.4.

[21]Id. at 14 ¶ 6.3.

Plaintiff alleges that Praetorian "knew or should have known that there was no reasonable basis for denying or delaying the required benefits."[22]

Plaintiff alleges that Brown "knew that, after an adequate investigation, Ms. Watkins' claim was not fairly debatable, that Sedgwick and Praetorian delayed and denied Ms. Watkins' claim without any reasonable basis, and that Sedgwick and Praetorian knew or recklessly disregarded this lack of a reasonable basis to delay and deny Ms. Watkins' claim."[23]   Plaintiff alleges that Brown "substantially assisted or encouraged Sedgwick and Praetorian in delaying or denying" Plaintiff's claim, and aided and abetted Praetorian's breach of its duty of good faith.[24]

Plaintiff states that she is a citizen of Arizona.[25]   Plaintiff acknowledges that Praetorian and Sedgwick are both foreign corporations,[26] and that Brown is a Texas resident.[27]   Plaintiff argues that under 28 U.S.C. § 1441(b), the case is non-removable.[28] Defendants timely removed based on diversity jurisdiction[29] arguing

---

[22]Id.

[23]Id. at 18 ¶ 8.4.

[24]Id. ¶ 8.5.

[25]Id. at 10 ¶ 3.1.

[26]Id. ¶¶ 3.2, 3.3.

[27]Id. ¶ 3.4.

[28]Id. ¶ 4.1.

[29]Notice of Removal, Docket Entry No. 1, p. 2 ¶ 6.

that under Arizona law Brown was improperly joined.[30]  Defendants filed their Response to Plaintiff's Motion to Remand ("Defendants' Response") (Docket Entry No. 11) on September 29, 2020.  Plaintiff filed her Reply (Docket Entry No. 13) on October 6, 2020.

## II.  Standard of Review

Under 28 U.S.C. § 1441(a) any state court civil action over which a federal court would have original jurisdiction may be removed from state to federal court.  The court can properly exercise jurisdiction on the basis of diversity of citizenship after removal only if three requirements are met:  (1) the parties are of completely diverse citizenship, see 28 U.S.C. § 1332(a); (2) the amount in controversy exceeds $75,000, see id.; and (3) none of the properly joined defendants is a citizen of the state in which the case is brought, see 28 U.S.C. § 1441(b)(2). The removing party bears the burden of demonstrating that removal is proper.  Gasch v. Hartford Accident & Indemnity Co., 491 F.3d 278, 281 (5th Cir. 2007).

Jurisdictional facts must be judged as of the time of the filing of the state court petition.  White v. FCI USA, Inc., 319 F.3d 672, 674 (5th Cir. 2003) (per curiam).  All factual allegations are evaluated in the light most favorable to the plaintiff.  Guillory v. PPG Industries, Inc., 434 F.3d 303, 308 (5th Cir. 2005).  "Any ambiguities are construed against removal

---

[30]Id. at 3 ¶ B.

because the removal statute should be strictly construed in favor of remand." Manguno v. Prudential Property and Casualty Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

There are two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Guillory, 434 F.3d at 308 (quoting Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc), cert. denied, 125 S. Ct. 1825 (2005)). When, as here, the removing party seeks to establish improper joinder on the second ground, the court must determine "'whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.'" Id. The court does not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but looks only for a possibility that the plaintiff might do so. Id. at 309 (citing Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42 (5th Cir. 1992)). Any ambiguity in the facts or state law are resolved in favor of remand. Allen v. Walmart Stores, L.L.C., 907 F.3d 170, 183 (5th Cir. 2018) (quoting Gasch, 491 F.3d at 281).

A "mere theoretical possibility of recovery under local law" will not preclude a finding of improper joinder. Smallwood, 385

F.3d at 573 n.9.  "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery." Griggs v. State Farm Lloyds, 181 F.3d 694, 701 (5th Cir. 1999). "Accordingly, to determine whether an in-state or non-diverse defendant was properly joined, '[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the . . . defendant." Alviar v. Lillard, 854 F.3d 286, 289 (5th Cir. 2017) (quoting Smallwood, 385 F.3d at 573).

To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)). "[T]he plaintiff must plead 'specific facts, not mere conclusory allegations' to state a claim for relief that is facially plausible." Powers v. Northside Independent School District, 951 F.3d 298, 305 (5th Cir. 2020) (quoting Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  The factual allegations need not be

detailed, but they must be enough to raise a right to relief above the speculative level, assuming all the allegations are true. Twombly, 127 S. Ct. at 1959.     Federal courts considering Rule 12(b)(6) motions view the well-pleaded facts in the light most favorable to the nonmoving party. Calogero v. Shows, Cali & Walsh, L.L.P., 970 F.3d 576, 580 (5th Cir. 2020) (citing Turbomeca, S.A. v. Era Helicopters, LLC, 536 F.3d 351, 354 (5th Cir. 2008)).

### III.   Analysis

To prevail on a claim of aiding and abetting against Brown under Arizona law Plaintiff must show:  (1) the primary tortfeasor (Praetorian) committed a tort that caused injury to Plaintiff; (2) Brown knew that Praetorian's conduct constituted a breach of duty; and (3) Brown substantially assisted or encouraged Praetorian in the achievement of the breach.  See Wells Fargo Bank v. Arizona Laborers, Teamsters and Cement Masons Local No. 395 Pension Trust Fund, 201 Ariz. 474, 485 (2002).

Defendants argue that Brown is improperly joined because:

> there is no separate conduct encouraging or substantially
> assisting the alleged tort, since the alleged tort and
> the conduct[] allegedly "aiding and abetting" the tort
> are exactly the same.  Plaintiff is arguing th[at] Brown
> aided and abetted her own wrongful conduct, which is not
> possible and cannot be the basis of aiding and abetting
> liability.

Notice of Removal, Docket Entry No. 1, p. 6 ¶ 17.

Defendants assert that in Arizona "an aiding and abetting cause of action cannot be maintained against an individual adjuster

-10-

if there is no separate wrongful conduct 'substantially assisting'
the alleged tort."[31]   Plaintiff responds that courts "have reached
divergent results when addressing this issue," and that the
question "is unsettled under Arizona law."[32]

Defendants rely on <u>Kubli v. AmTrust Insurance Co. of Kansas,</u>
CV-18-02053-PHX-JGZ (MSD), 2019 U.S. Dist. LEXIS 189149
(October 30, 2019).[33]   The plaintiff in that case alleged that an
individual adjuster had failed to properly investigate his worker's
compensation claim.   <u>Id.</u> at *2.   He sued his insurer for bad faith
and sued the adjuster for aiding and abetting.   <u>Id.</u>   The magistrate
judge recommended that the action be dismissed, holding that "if a
bad-faith claim against the insurer is predicated entirely on the
adjuster's conduct, a separate claim that the adjuster's <u>same</u>
conduct aided and abetted the insurer's bad faith will not lie."
<u>Id.</u> at *5 (emphasis in original).   The parties in <u>Kubli</u> settled and
stipulated to dismiss the case.   Stipulation of Dismissal by
AmTrust Insurance Company of Kansas, AmTrust North America
Incorporated, Pam Greer, <u>Kubli,</u> 2019 U.S. Dist. LEXIS 189149
(January 10, 2020).   The district court dismissed the case pursuant
to the parties' stipulation before the magistrate's recommendation

---

[31]Notice of Removal, Docket Entry No. 1, pp. 6-7 ¶ 18.

[32]Plaintiff's Motion to Remand, Docket Entry No. 4, p. 8.

[33]Notice of Removal, Docket Entry No. 1, pp. 6-8 ¶¶ 18-20.

-11-

was adopted.  Order Pursuant to 58 Stipulation of Dismissal, <u>Kubli</u>, 2019 U.S. Dist. LEXIS 189149 (January 16, 2020).  Nevertheless, the reasoning in <u>Kubli</u> supports Defendants' principal argument for removal.

But in <u>Lipsky v. Safety National Casualty Corp.</u>, No. 1-CA-CV 15-0337, 2017 WL 443525, at *7 (Ariz. Ct. App. Feb. 2, 2017), the Arizona Court of Appeals determined that a claim against adjusters for aiding and abetting an insurer's bad faith should go to a jury, even though the bad faith claim was "founded on the conduct of" the claims administrator and adjuster acting in the course of their duties to the insured.  Similarly, in <u>Temple v. Hartford Insurance Co. of Midwest,</u> 40 F. Supp. 3d 1156, 1170 (D. Ariz. 2014), the Arizona District Court held that "[a]n agent can be held liable for aiding and abetting an insurer's violations of the duty of good faith and fair dealing," and "aiding and abetting is not barred simply because a person worked for the alleged primary tortfeasor and was acting within the scope of her employment."

The <u>Kubli</u> court explicitly disagreed with <u>Lipsky,</u> stating that "the <u>Lipsky</u> court provided no <u>reasons</u> supporting its conclusions; consequently, it is not persuasive."  <u>Kubli,</u> 2019 U.S. Dist. LEXIS 189149 at *11.  It also held that the <u>Temple</u> court had not sufficiently addressed an important argument, and thus found <u>Temple</u> unpersuasive as well.  <u>Id.</u> at *13.

-12-

Yet <u>Lipsky</u> and <u>Temple</u> remain good law.  These cases represent a split in authority that other courts have noted.  <u>See, e.g.,</u> <u>Demott v. LM Insurance Corp.,</u> Civil Action No. 3:14-0867-G, 2014 WL 3673037, at *4 (N.D. Tex. July 24, 2014) ("Arizona law is unsettled on the issue of whether an insurance adjuster can be liable for aiding and abetting.") (citing examples on either side of the split).  The Arizona District court has itself noted the split:

> This Court has been presented with motions seeking dismissal of aiding and abetting claims brought against adjusters numerous times in the last ten years.  In all of the cases, the actions of the adjuster significantly (if not entirely) overlapped with the actions alleged as the basis for the bad faith claim against the insurer. Despite the factual similarity in the cases, the Court found the facts were sufficient to state a claim for aiding and abetting only about half the time.  The cases dismissing the aiding and abetting claim found a separate tortious act by the adjuster was necessary and had not been pled; the cases allowing the aiding and abetting claim determined that pleading the elements of aiding and abetting by the adjuster was sufficient without identifying two distinct tortious acts.

<u>Chukly v. American Family Mutual Insurance Co.,</u> No. CV-17-0088-TUC-RCC (LCK), 2017 WL 5952759, at *3 (D. Ariz. June 7, 2017).

Arizona law is ambiguous on the question of whether a claim can be brought against an individual adjuster for aiding and abetting an insurer's breach of the duty of good faith.  The court must resolve ambiguities in state law in favor of remand.  <u>See</u> <u>Allen,</u> 907 F.3d at 183.  Even if Plaintiff had not alleged any separate conduct by Brown that substantially assisted Praetorian's

alleged bad faith, there would still be a reasonable basis for the district court to predict that Plaintiff might be able to recover against Brown for aiding and abetting.  See Guillory, 434 F.3d at 308.

Moreover, the court does not agree that Praetorian's alleged breach of its duty of good faith is predicated solely on Brown's alleged conduct.  Plaintiff's Amended Petition makes clear that "Praetorian's liability is based on its own actions, including relying on an unreasonable evaluation and investigation, permitting Defendant Brown to improperly delay payment on Ms. Watkins' claim with no reasonable basis."[34]  The same section of the Amended Petition emphasizes that under A.R.S. § 23-963-01(B), "[a]ny compensable claim for benefits shall be paid **by the carrier**."[35]

In Gastelo v. Wesco Insurance Co., No. CV-18-02659-PHX-MTL, 2020 WL 1285912, at *3 (D. Ariz. March 18, 2020), a claims adjuster sought to dismiss the aiding-and-abetting suit against her because the complaint rested the insurance company's alleged misconduct solely on the adjuster's conduct in handling the plaintiff's claim.  But the court found that the plaintiff's complaint "[did] allege independent liability against [the insurer] for breach of the duty of good faith and fair dealing and punitive damages," because the

---

[34]Amended Petition, Exhibit C to Notice of Removal, Docket Entry No. 1-3, p. 14 ¶ 6.4.

[35]Id. at 15 (emphasis in Amended Petition).

complaint alleged that the insurer breached its duty to pay legitimate claims when it did not timely approve the plaintiff's injury claim and pay his benefits. _Id._ The insurer had the duty to make payments, its agent (the adjuster) had the requisite scienter, and through her actions and inaction she provided substantial assistance or encouragement for the insurer's alleged breach. _Id._ The court thus held that the complaint set forth distinct allegations against the adjuster that were consistent with the aiding and abetting cause of action. _Id._

The allegations in the Amended Petition state a claim much like the one that survived dismissal in _Gastelo._ Plaintiff alleges (1) that Praetorian breached its duty of good faith and fair dealing by refusing to issue payments owed to Plaintiff and (2) that Brown, knowing that Praetorian owed this duty, continued to deny Plaintiff's compensable claim. Plaintiff has thus pleaded that Brown, through action and inaction, knowingly and substantially assisted Praetorian in breaching its duty to pay Plaintiff's claim. These allegations are consistent with an aiding and abetting cause of action.

## IV. Conclusion and Order

For the reasons explained above, the court finds that there is a reasonable basis to predict that Plaintiff might be able to recover against Brown. Accordingly, the court cannot agree that Brown was improperly joined in this action.

-15-

Plaintiff's Motion to Remand (Docket Entry No. 4) is **GRANTED.** This action is **REMANDED** to the 157th District Court of Harris County, Texas.

The Clerk of this court will provide a copy of this Memorandum Opinion and Order to the District Clerk of Harris County, Texas.

**SIGNED** at Houston, Texas, on this 9th day of February, 2021.

 

 

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-16-